**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Dionell Payne (#2012-1019167), | ) | |
|       Plaintiff, | ) | Case No: 14 C 5299 |
| | ) | |
|       v. | ) | |
| | ) | Judge Matthew F. Kennelly |
| Cook County, Cermak Health Services,. | ) | |
| Tom Dart, | ) | |
|       Defendants. | ) | |

**ORDER**

      The Court grants Plaintiff's motion for leave to proceed *in forma pauperis* [3], assesses an initial partial filing fee of $6.80, and directs the trust fund officer at Plaintiff's place of confinement to deduct the initial fee and to continue making deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at Cook County Jail. The Clerk shall issue summonses for Cook County and Sheriff Tom Dart. The Clerk shall send Plaintiff a copy of this order, two blank USM-285 service forms for these Defendants, a Magistrate Judge Consent Form, and instructions for filing documents in this Court. Cermak Health Services is dismissed. The Court advises Plaintiff that a completed USM-285 form is required for each named Defendant. The U.S. Marshal will not attempt service on a Defendant unless and until the required form is received. Plaintiff thus must complete and return the form to the Prisoner Correspondent within thirty days of the date of this order. Plaintiff's motion for attorney representation [4] is denied without prejudice.

**STATEMENT**

      Plaintiff Dionell Payne, a quadriplegic pretrial detainee at the Cook County Jail has filed a *pro se* lawsuit under 42 U.S.C. § 1983. He alleges that he has been denied access to several programs and activities (educational and vocational programs, religious service, exercise time) because of his disability. He names as Defendants Cook County, Sheriff Tom Dart, and Cermak Health Services.
      The Court grants Plaintiff's *in forma pauperis* application because it shows that he cannot prepay the filing fee. Pursuant to 28 U.S.C. § 1915(b), Plaintiff is assessed an initial partial payment of the filing fee of $6.80 The Court authorizes the supervisor of inmate trust accounts at Plaintiff's place of confinement to collect, when funds exist, the partial filing fee from Plaintiff's trust account and pay it directly to the Clerk of this Court. After payment of the initial partial filing fee, the trust accounts officer is authorized to collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $400 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for payment of the filing fee, and

officers at his current place of confinement shall notify transferee authorities of any outstanding balance owed in the event that Plaintiff is transferred.

      The Court has reviewed the complaint as provided by 28 U.S.C. § 1915A and concludes that Plaintiff has stated a colorable claim. *Jaros v. Illinois Dept. of Corrs.*, 684 F.3d 667, 672-73 (7th Cir. 2012) (refusing to allow an inmate participate in a program based upon a disability may amount to Americans with Disabilities Act and Rehabilitation Act violations). Although it is unclear if or how Sheriff Dart was involved in the alleged denial of programs and services, Plaintiff's allegations suggest that denials for paralyzed inmates is a custom or policy at the jail. The complaint may thus proceed against both Dart and Cook County. Cermak Health Services, however, is not a entity with its own legal existence and is thus not a suable party. *Service Emps. Int'l Union, Local 73, on behalf of Condon v. Cnty. of Cook*, No. 13 C 2935, 2014 WL 793114 at *4 (N.D. Ill. Feb. 26, 2014) (Coleman, J.), citing *Castillo v. Cook Cnty. Mail Room Dep't*, 990 F.2d 304, 307 (7th Cir.1993); *Manney v. Monroe*, 151 F. Supp. 2d 976, 988 (N.D. Ill. 2001). Cermak is thus dismissed as a Defendant.

      Summonses shall issue for service of the complaint on Cook County and Sheriff Tom Dart. The United States Marshals Service is appointed to serve these Defendants. The Clerk is directed to mail Plaintiff two blank USM-285 (Marshals service) form. The Court advises Plaintiff that a completed USM-285 form is required for each named Defendant. The U.S. Marshal will not attempt service unless and until the required form is received. Plaintiff must therefore complete and return the forms within thirty days of the date of this order.

      The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. The U.S. Marshal is authorized to send a request for waiver of service to each Defendant in the manner prescribed by Fed. R. Civ. P. 4(d) before attempting personal service.

      Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must also send an exact copy of any filing to Defendants or, if represented by counsel, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Plaintiff must also insure all pleadings, written motions, and other papers submitted to the Court are signed pursuant to Fed. R. Civ. P. 11(a). Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

      Plaintiff's motion for attorney representation is denied without prejudice to renewal. The legal and discovery issues, at least at this stage of the case, are not overly complex. Plaintiff's complaint is very articulate and demonstrate his understanding of the issues of this case. Counsel may be appointed at a later time; however, at this very early stage of the case, where no Defendants have been served and no discovery is being conducted, enlisting an attorney is not needed. *See Romanelli v. Suliene*, 615 F.3d 847, 851-52 (7th Cir. 2010); *Pruitt v. Mote*, 503 F.3d 647, 655-57 (7th Cir. 2007).

Date: August 8, 2014

                                              MATTHEW F. KENNELLY
                                              United States District Judge