UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DIONELL PAYNE, | ) | |
| | ) | |
| Plaintiff, | ) | 14 C 5299 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Matthew Kennelly |
| TOM DART, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT SHERIFF THOMAS DART'S ANSWER TO PLAINTIFF'S COMPLAINT**

**NOW COMES**, the Defendant, THOMAS DART, in his official capacity as the Sheriff of Cook County, by and through his attorney, ANITA ALVAREZ, State's Attorney of Cook County, through JILL V. FERRARA, Assistant State's Attorney, and submits Defendant Sheriff Dart's Answer to Plaintiff's Complaint and states as follows

**STATEMENT OF CLAIM**

1.  I have been housed in Division 8 Cermak Tier 3 West Room 3215 since Jan. 2014, I'm a tetraplegia, recovering from being paralyzed from neck down. I use a wheelchair, walker and cane for movement. I'm also classify as general population and have been mandated to Cermak Hospital.

**ANSWER:** Sheriff Dart denies Plaintiff has been housed in Division 8 Cermak Tier 3 West Room 3215 since January 2014, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 1 of Plaintiff's Complaint.

2.  Throughout my stay in Cermak I have inform Cook County Staff through request slip, verbally and grievance's of how I'm being deprived of programs and services based on my disability (which consist of school/trades church, general and law library, yard gym and commissary food items) to no avail my pleas fell on death ears of this right.

**ANSWER**   Sheriff Dart denies the allegations set forth in paragraph 2 of Plaintiff's Complaint.

3.    Being classify general population gives me the same privileges as other's detainee's that are general population.  Being housed in Cermak has cause Cook County to be indifferent to myself and others that general population and disable that also are mandated medically or through the court's.  I'm legally and physically disable with medical devices for movement.

**ANSWER:**   Sheriff Dart denies the allegations set forth in paragraph 3 of Plaintiff's Complaint.

4.    Cermak Health Services also house's mental health detainee's which are allow certain programs and services that are a privileges (meaning yard that is a recreation).  What makes these Cermak detainee's different from me. The detainee's that are on the compound of Cook County Jail are mostly general population that receives the right legally to participate in program and services as well as commissary food etc. yard gym school/trade, church, general and law library.

**ANSWER:**   Sheriff Dart admits that Cermak Health Services houses detainees who suffer from mental illness, but denies the remaining allegations set forth in paragraph 4 of Plaintiff's Complaint as stated.

5.    Whether disable or not why should I be deprive the same right what's makes those detainee's different I also need recreation for or to help in my disability, school/trade to educate myself further, church to worship and fellowship my faith. General and law library to read and study, to research to help in my situation legally.  Other detainee's are allow this right why not me.

**ANSWER**:   Sheriff Dart denies the allegations set forth in paragraph 5 of Plaintiff's Complaint.

6.    This place (Cermak) is consider a hospital which is to provide needs and services of the patience's whether disable or not. Here in Cermak nurses and patience care assistants care to

help and assist Cermak is part of the compound meaning anywhere there are program and services they are on or within the compound.

**ANSWER:** Sheriff Dart admits that Cermak Health Services is the medical entity responsible for providing medical care to the detainees housed at the Cook County Jail, but deny the remaining allegations set forth in paragraph 6.

7. If one cannot move limbs, bedridden or wheelchair bound, needs to go to outside court or the hospital outside of the compound then medical staff or security are responsible to take or escort with pushing or helping to get one from place to place which is the same policy on the compound when detainee's go to yard, gym, church, school/trade, general and law library and commissary why should I be deprive of the same privileges that are accessible to me. Cook County violate my civil right of institutionalize person act which jeopardizes my health, by causing deficiencies in my health.

**ANSWER**: Sheriff Dart denies the allegations set forth in paragraph 7 of Plaintiff's Complaint.

8. Cook County has deny me the same for privileges and rights as other general population detainee's causing grievances harm and resistance to myself and other's that are housed in Cermak as general population detainee's from housing full enjoyment of a constitutional right and a A.D.A. standard.

**ANSWER**: Sheriff Dart denies the allegations set forth in paragraph 8 of Plaintiff's Complaint.

9. Cook County policy is that general population detainees will be able to participate in programs and services and receive commissary (with food etc.) Being housed in Cermak Services shouldn't deprive me the privileges to participate in programs and services due to my disability which shows intentional discrimination.

**ANSWER**: Sheriff Dart admits that generally programs and services as well as commissary are offered to general population detainees housed at the Cook County Jail, but denies the remaining allegations set forth in paragraph 9 of Plaintiff's Complaint.

10. In response to my grievance I was visited by a Ms. Marlene Fuentes on May 28, 2014 who is a A.D.A. compliance officer of Cook County Sheriff's Office, as well as a attorney I was basically told by Ms. Fuentes that if I contact the judge who mandated me to be housed in Cermak to remove me then and only then would I be able to participate in services and receive commissary (with food etc.) to me I took as retaliation for the reason I'm housed in Cermak. Ms. Fuentes display a very unprofessional responds by threating me with a alternative through contacting a judge to release me from being mandated.

**ANSWER**: Sheriff Dart admits that Ms. Marlene Fuentes, an ADA compliance officer at the Cook County Jail, visited Plaintiff in response to a grievance regarding his denial of programs and services, but denies the remaining allegations set forth in paragraph 10 of Plaintiff's Complaint.

11. After this meeting with Ms. Fuentes I notice my religion change from a Muslim to other after complaining 20 months by request slips and grievances and was told by Ms. Fuentes she who do more for me if I leave Cermak, my religion was changed days after my visit with Fuentes.

**ANSWER**: Sheriff Dart admits that Ms. Fuentes had Plaintiff's religion on his booking card changed from Muslim to "other" at the request of Plaintiff, but denies the remaining allegations set forth in paragraph 11 of Plaintiff's Complaint.

12. Attach you will find grievances and request's slips as well as Ms. Fuentes responds where she said I was offer reasonable access. To this day I am still denied and deprive participation in programs and services and commissary (food etc.).

**ANSWER:** Sheriff Dart denies the allegations set forth in paragraph 12 of Plaintiff's Complaint.

## JURY DEMAND

Sheriff Dart, in his official capacity as the Sheriff of Cook County, respectfully requests a trial by jury.

## AFFIRMATIVE DEFENSES

NOW COMES the Defendant, THOMAS DART, in his official capacity as the Sheriff of Cook County, by his attorney ANITA ALVAREZ, State's Attorney of Cook County, through her assistant state's attorney, Jill V. Ferrara, and sets forth the following affirmative defenses:

1. The Plaintiff was at all relevant times and the date of filing, a prisoner. The Prison Litigation Reform Act ("PLRA") provides that "no action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages. The Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(a). See *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004), therefore his claims are barred.

2. In addition, the PLRA requires that no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. 42 U.S.C. § 1997e(e); see *Cassidy v. Indiana Dep't of Corrections*, 199 F.3d 374, 375 (7th Cir. 2000).

3. To the extent it is revealed that Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with degree of failure to mitigate attributed to Plaintiff by the jury in this case.

4. A supervisory official cannot be held liable for the conduct of subordinates based on a theory of *respondeat superior*. *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002).

WHEREFORE, based on the foregoing, Sheriff Dart denies that Plaintiff is entitled to any damages, injunctive relief, costs, or witness fees. Sheriff Dart prays that this Honorable Court grant judgment in his favor and against Plaintiff on all aspects of his Complaint and further request that this Honorable Court grant judgment of Defendant's fees, costs, and such other relief that this Court deems just and appropriate.

Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By: */s/ Jill V. Ferrara*
Jill V. Ferrara
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-4320