UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Dionell Payne, | ) | |
| | ) | |
| Plaintiff, | ) | 14 C 5299 |
| | ) | |
| vs. | ) | Magistrate Judge |
| | ) | Geraldine Soat Brown |
| Cook County, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

**NOW COMES**, Defendants Cook County and Thomas Dart, by and through their attorney, ANITA ALVAREZ, State's Attorney of Cook County, through BRIAN M. CASEY, Assistant State's Attorney, and submits Defendants' Answer to Plaintiff's Amended Complaint and states as follows:

**STATEMENT OF CLAIM**

1. I'm disabled and am housed in Division R.T.U. of tier 3D have been housed in this division since 8/21/2014, this building was built to house myself and these with a disability and mentally challenge. The building have been operating for about 2 to 3 years. Supposedly being prepare to house the disable.

**ANSWER:** Defendants admit that Plaintiff has been housed as a pretrial detainee at Division 08, R.T.U. at the Cook County Jail since August 21, 2014. Answering further, Defendants have insufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 1.

2. The R.T.U. Division was built to provide relief to a large number of detainees with a

disability as myself, to provide "modifications" for those "physically challenge" with access to beds, showers and feeding areas under the A.D.A. standard this standard has been mandated since 1990 as well as the Rehabilitation Act.

**ANSWER:** Defendants admit that a portion of Division 08, R.T.U., houses detainees with disabilities, but Defendants lack sufficient information and knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 2.

3. Disability include the limitation of one or more major life activities which includes walking, standing, bending, and caring for oneself. The meals and showers are part of programs and activities which Cook County Jail has been aware of and has ignore and made more difficult.

**ANSWER:** Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 3.

4. Cook County Jail has not provided me access to pull up or set up to a table to dine, play cards or just sit to watch T.V. or write a letter nor be able to shower with the use of medical equipment forcing me to use a broom handle or ask someone able body a push the standup shower.

**ANSWER:** Defendants deny the allegations contained in paragraph 4.

5. Due to a concrete block placed in the so call handicap shower preventing me to use because of my equilibrium, due to being a tetraplegia recovering from being paralyze from neck down with the use of a wheel chair not able to stand long as well as a fall victim.

**ANSWER:** Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 5.

6. Cook County, Tom Dart has created a systematic problem to myself by not being in compliant with the standards of A.D.A. Cook County Jail is the leading jail in the United States that does not fix but continues to show deliberate indifference to myself and others that have a disability.

**ANSWER:** Defendants deny the allegation contained in paragraph 6.

7. Cook County and Tom Dart continue to ignore a Federal Mandate of A.D.A. and the Rehabilitation Act. My pleas complaints, grievances and cry for mercy has fell on deaf ears. Since 8/21/2104 my stay thus far has been difficult to shower, eat at tables, or participate as others able bodies detainees do.

**ANSWER:** Defendants deny the allegations contained in paragraph 7.

8. To set or pull up to a table to have the same enjoyment and pleasure at a table or shower as one should Being disable and in a wheelchair in this division doesn't give me that pleasure being a tetraplegia makes it more difficult to transfer to a concrete block, begin without medical equipment makes it difficult to stand long or sit up right because of my balance.

**ANSWER:** Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 8.

9. To watch other detainee's peacefully enjoy their meals, showers and activities denies

me the same privileges and rights which causes me mental and physical stress. My pleas through Ms. Marlene Fuentes who is A.D.A. compliance officer who also has ignore pleas and crys of my concerns of the beds feeding tables and showers by responding repeatedly by saying there is no problem.

**ANSWER:** Defendants admit Marlene Fuentes is the A.D.A. compliance officer for the Cook County Sheriff, but lack sufficient information and knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 9.

10. The building is handicap accessible and that medical equipment is being provided shower chairs/toilet chairs, Ms. Fuentes went so far as to tell myself stop complaining and grow up act like a man to this responds was unprofessional of Ms. Fuentes.

**ANSWER:** Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 10.

11. This also show her lack of concern for the disable, her negligence in her title to prevent complaint not create a systematic problem, and deliberate indifference this show cruel and unusual punishment cause by negligence of Cook County Jail, Tom Dart and Ms. Marlene Fuentes.

**ANSWER:** Defendants deny the allegations contained in paragraph 11.

12. My please through grievance process shows me that all parties could care less about my disability or my welfare see Ms. Marlene responds to complaint of grievance where she saying we are aware and capital changes are being made.

**ANSWER:** Defendants deny the allegations contained in paragraph 12.

13. The R.T.U. Division has been open 2-3 years when will the disable including myself stop being used as guinea pigs what will it take to not discriminate or deprive me equal rights under the A.D.A. to be able to participate at a feeding/dining area, to shower and have access to medical equipment (shower chair/toilet chair) and activities.

**ANSWER:** Defendants deny the allegations contained in paragraph 13.

## STATEMENT OF CLAIM

1. I have been housed in Division 8 Cermak Tier 3 West Room 3215 since Jan. 2014, I'm a tetraplegia, recovering from being paralyzed from neck down. I use a wheelchair, walker and cane for movement. I'm also classify as general population and have been mandated to Cermak Hospital.

**ANSWER:** Defendants deny Plaintiff has been housed in Division 8 Cermak Tier 3 West Room 3215 since January 2014. Answering further, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1.

2. Throughout my stay in Cermak I have inform Cook County Staff through request slip, verbally and grievance's of how I'm being deprived of programs and services based on my disability (which consist of school/trades church, general and law library, yard gym and commissary food items) to no avail my plea's fell on death ears of this right.

**ANSWER** Defendants deny the allegations in paragraph 2.

3. Being classify general population gives me the same privileges as other's detainee's that are general population. Being housed in Cermak has cause Cook County to be indifferent to

myself and others that are general population and disable that also are mandated medically or through the court's. I'm legally and physically disable with medical devices for movement.

**ANSWER:** Defendants deny the allegations in paragraph 3.

4. Cermak Health Services also house's mental health detainee's which are allow certain programs and services that are a privileges (meaning yard that is a recreation). What makes these Cermak detainee's different from me. The detainee's that are on the compound of Cook County Jail are mostly general population that receives the right legally to participate in program and services as well as commissary food etc. yard gym school/trade, church, general and law library.

**ANSWER:** Defendants admit that Cermak Health Services houses detainees who suffer from mental illness, but deny the remaining allegations set forth in paragraph 4.

5. Whether disable or not why should I be deprive the same right what's makes those detainee's different I also need recreation for or to help in my disability, school/trade to educate myself further, church to worship and fellowship my faith. General and law library to read and study, to research to help in my situation legally. Other detainee's are allow this right why not me.

**ANSWER**: Defendants deny the allegations contained in paragraph 5.

6. This place (Cermak) is consider a hospital which is to provide needs and services of the patiences whether disable or not. Here in Cermak nurse's and patience care assistance's are to help and assist Cermak is part of the compound meaning anywhere there are program and services they are on or within the compound.

6

**ANSWER:** Defendants admit that Cermak Health Services is the medical entity responsible for providing medical care to the detainees housed at the Cook County Jail, but deny the remaining allegations contained in paragraph 6.

7. If one cannot move limbs, bedridden or wheelchair bound, needs to go to outside court or the hospital outside of the compound then medical staff or security are responsible to take or escort with pushing or helping to get one from place to place which is the same policy on the compound when detainee's go to yard, gym, church, school/trade, general and law library and commissary why should I be deprive of the same privileges that are accessible to me. Cook County violate my civil rights of institutionalize person act which jeopardizes my health, by causing deficiencies in my health.

**ANSWER**: Defendants deny the allegations contained in paragraph 7.

8. Cook County has denie me the same privileges and rights as other general population detainee's causing grievances harm and resistance to myself and other's that are housed in Cermak as general population detainee's from having full enjoyment of a constitutional right and a A.D.A. standard.

**ANSWER**: Defendants deny the allegations contained in paragraph 8.

9. Cook County policy is that general population detainees will be able to participate in programs and services and receive commissary (with food etc.) Being housed in Cermak Services shouldn't deprive me the privileges to participate in programs and services due to my disability which shows intentional discrimination.

**ANSWER**: Defendants have insufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 9.

10. In response to my grievance I was visited by a Ms. Marlene Fuentes on May 28, 2014 who is a A.D.A. compliance officer of Cook County Sheriff's Office, as well as a attorney I was basically told by Ms. Fuentes that if I contact the judge who mandated me to be housed in Cermak to remove me then and only then would I be able to participate in services and receive commissary (with food etc.) to me I took as retaliation for the reason I'm housed in Cermak. Ms. Fuentes display a very unprofessional responds by threating me with a alternative through contacting a judge to release me from being mandated.

**ANSWER**: Defendants admit that Ms. Marlene Fuentes, the ADA compliance officer at the Cook County Jail, visited Plaintiff in response to a grievance regarding his denial of programs and services, but denies the remaining allegations contained in paragraph 10.

11. After this meeting with Ms. Fuentes I notice my religion change from a Muslim to "other" after complaining 20 months by request slips and grievances and was told by Ms. Fuentes she who do more for me if I leave Cermak, my religion was changed days after my visit with Fuentes.

**ANSWER**: Defendants admit that Ms. Fuentes had Plaintiff's religion on his booking card changed from Muslim to "other" at the request of Plaintiff, but denies the remaining allegations contained in paragraph 11.

12.     Attach you will find grievances and request's slips as well as Ms. Fuentes responds where she said I was offer reasonable access. To this day I am still denied and deprive participation in programs and services and commissary (food etc.).

**ANSWER:**     Defendants deny the allegations contained in paragraph 12.

## AFFIRMATIVE DEFENSES

Defendants offer the following affirmative defenses to Plaintiff's allegations:

1.     Defendant Thomas Dart's conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights. Accordingly, the Defendant is entitled to the defense of Qualified Immunity.

2.     To the extent that Defendant Thomas Dart is named in his official capacity, he is immune from punitive damage awards. *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S. Ct. 2748 (1981).

3     Plaintiff failed to exhaust the administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. Sec. 1997 (e) (a). *See Dale v. Lappin*, 376 F. 3d 652, 655 (7th Cir. 2004).

## JURY DEMAND

With regard to any issue that may be appropriately heard by a jury in this cause of action, Defendants hereby demands a jury trial.

        Respectfully Submitted,

        ANITA ALVAREZ
        State's Attorney of Cook County

By:    /s/ *Brian M. Casey*
        Brian M. Casey
        Assistant State's Attorney
        500 Richard J. Daley Center
        Chicago, IL 60602
        (312) 603-3374