IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| Dionell Payne, | ) | |
| | ) | |
| Plaintiff, | ) | No.     14 C 5299 |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Geraldine Soat Brown |
| Cook County, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**NOW COMES**, the Defendant Marlene Fuentes ("Defendant"), by and through her attorney, ANITA ALVAREZ, State's Attorney of Cook County, through Brian M. Casey, Assistant State's Attorney, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and moves this Honorable Court to dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted. In support of this motion Defendant states the following:

## INTRODUCTION

*Pro se* Plaintiff Dionell Payne ("Plaintiff"), a pretrial detainee at Cook County Jail, commenced this action alleging various violations of the A.D.A. (Dkt. 23) Plaintiff filed an amended complaint on March 12, 2015, naming Marlene Fuentes as a Defendant. (Dkt. 27) After a § 1915A Review, Plaintiff was granted permission to proceed against Defendants. (Dkt. 26) Defendant now advances the legal argument that Plaintiff's complaint fails to state a claim upon which relief can be granted, and that the complaint should be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

1

## STATEMENT OF FACTS

The following facts are taken from Plaintiff's Complaint, and are presumed to be true solely for the purposes of this Motion to Dismiss. Plaintiff has been housed in Division 8 R.T.U. at the Cook County Jail since August 21, 2014. (Dkt. 23 at p. 3) During that time, Plaintiff alleges that he has not been provided access to pull-up or sit-up to a table to dine, play cards, or watch television. (Dkt. 23 at p. 3) Plaintiff further alleges that because of his tetraplegia, he requires the use of medical equipment to shower, which has not been provided to him. (Dkt. 23 at pp. 3-4) Plaintiff contends that these allegations amount to a violation of the Americans with Disabilities Act (ADA) and the Rehabilitation Act. (Dkt. 23 at p. 4)

## STANDARD OF REVIEW

In reviewing a motion to dismiss under Rule 12(b)(6), a court takes as true all factual allegations in Plaintiff's complaint and draws all reasonable inferences in his favor. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). To survive a Rule 12(b)(6) motion to dismiss, the claim first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief", Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the claim must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true; "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S.

at 555). The pleading standard in Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

While a *pro se* litigant's pleadings are held to a less stringent standard, he must nonetheless act in accordance with court rules. *Easley v. Verizon Wireless*, 2004 U.S. Dist. LEXIS 17105 at *15-16 (N.D. Ill. Aug. 25, 2004) (*citing Downs v. Westphal,* 78 F.3d 1252, 1257 (7th Cir. 1996) ("being a *pro se* litigant does not give a party unbridled license to disregard clearly communicated court orders"); *Jones v. Phipps,* 39 F.3d 158, 163 (7th Cir. 1994) ("*pro se* litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines"). Although courts liberally construe complaints filed by *pro se* defendants, complaints can and do fall short of even that liberal construction. *See, e.g.*, *Yhwhnewbn v. Leak et al.*, 2012 U.S. Dist. LEXIS 104216 at *8 (N.D. Ill. July 26, 2012); *Fallon Fong v. Client Servs. Inc.*, 2012 U.S. Dist. LEXIS 81096 at *4 (N.D. Ill. June 6, 2012); *Chicago Title & Land Trust Co. v. Rabin*, 2012 U.S. Dist. LEXIS 10681 at *8 (N.D. Ill Jan 30, 2012).

## ARGUMENT

**Plaintiff's Complaint Fails to State an Actionable Claim Against Defendant**

The plain language of Title II of the ADA states that a disabled individual shall not "be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." (emphasis added) 42 U.S.C. § 12132 (LEXIS, 2014). Additionally, a public entity is defined as: "any State or local government; any department, agency, special purpose district, or other instrumentality of a State or States or local government; and the National Railroad Passenger Corporation, and any commuter authority." 42 U.S.C. § 12131 (LEXIS, 2014). The plain language of the statute

precludes Defendant Marlene Fuentes from being held liable as an individual.  Moreover, the Seventh Circuit found that "ADA claims against individual defendants in their individual capacity must fail because the Act authorizes suits only against public entities." *Brewer v. Wis. Bd. of Bar Examiners*, 270 Fed. Appx. 418, 421 (7th Cir. 2008).

Plaintiff's claims against Defendant Marlene Fuentes in her individual capacity are also invalid under the § 504 of the Rehab Act. A plaintiff "cannot proceed against any of the individual defendants in their personal capacities because the [Rehabilitation] Act authorizes suits only against public entities." *Id.*  (*See also Dent v. City of Chicago.*, 2003 U.S. Dist. LEXIS 13417 (N.D. Ill. 2003 (Zagel, J.) citing *EEOC v. AIC Security Investigations, Ltd.*, 55 F.3d 1276, 1279-82 (7th Cir. 1995) (observing that "the law is well-settled that there is no individual liability under . . . the ADA [and] the Rehabilitation Act. . . .)).  Accordingly, claims against Defendant Marlene Fuentes in her individual capacity under the ADA and Rehab Act must be dismissed.

## CONCLUSION

WHEREFORE, for the above stated reasons,  Defendant is entitled to dismissal as a matter of law under Federal Rule of Civil Procedure 12(b)(6), and respectfully requests that the Honorable Court dismiss with prejudice Plaintiff's Complaint and all claims therein against the Defendant, and to award costs and fees associated in bringing this motion.

Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County

/s/ *Brian M. Casey*
Brian M. Casey
Assistant State's Attorney
500 Richard J. Daley Center

Chicago, Il 60602
(312) 603-3374

**CERTIFICATE OF SERVICE**

      BRIAN M. CASEY hereby certifies that, in accordance with Fed. R. Civ. P. 5. LR5.5 and the General Order on Electronic Case Filing (ECF), the Defendant's Motion to Dismiss Plaintiff's Complaint was served pursuant to the District Court's ECF system as to ECF filers and that I mailed a copy of the above notice, together with the documents referenced therein, to those listed below on May 22, 2015 at or before 5:00 P.M. with proper postage prepaid.

Via US MAIL:

Dionell Payne
2012-1019167
Cook County Jail
P.O. Box 089002
Chicago, IL 60608

      /s/ *Brian M. Casey*
      Brian M. Casey