# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Dionell Payne (#2012-1019167), | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 14 C 5299 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Geraldine Soat Brown |
| Cook County, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendant Marlene Fuentes' motion to dismiss [43] is granted. She is dismissed as a Defendant. The case may proceed against Cook County and Cook County Sheriff Tom Dart in his official capacity.

## STATEMENT

Plaintiff Dionell Payne is a tetraplegic incarcerated at the Cook County Jail. He currently has two suits pending before this Court, this case (case no. 14 C 5299) and *Payne v. Cook County, et al*, No. 14 C 7520.[1] In this case, he alleges that he has been denied several activities at the jail because of his handicap. He specifically refers to his ability to use the commissary, gym, yard, library, trade and educational programs, and possibly religious activities. As noted in a previous order that allowed his amended complaint to proceed, Payne asserts claims of Americans with Disabilities Act ("ADA") and Rehabilitation Act violations, but not constitutional claims. (Order, March 12, 2015.) [Dkt 26.] *See Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 671 (7th Cir. 2012) (where a plaintiff alleges that certain activities were made more difficult because of inadequate accommodations for his disability but does not allege that he was deprived of the "minimal civilized measure of life's necessities," he states claims under the ADA and Rehabilitation Act, but not under the Constitution).

Currently before the Court is a motion to dismiss by defendant Cook County Jail ADA Coordinator Marlene Fuentes. She argues that ADA and Rehabilitation Act claims cannot be asserted

---

[1] In *Payne v. Cook County*, No. 14 C 7520, Payne alleges: an officer used excessive force and spat on him; he was disciplined without due process; and a doctor refused to address his injuries. The case is currently in the middle of discovery. Payne's four other cases previously filed in this Court are no longer pending: *Payne v. Sgt. Maher*, No. 11 C 6623 (N.D. Ill.) (Payne alleged false arrest and malicious prosecution; a jury issued a verdict in favor of the officers); *Payne v. Dart*, No. 13 C 3341 (N.D. Ill.) (he alleged showers lacked accommodations for his disability and he once fell while showering) (case settled 5/15/14); *Payne v. Dart, et al.*, No. 14 C 1430 (N.D. Ill.) (Payne alleged that he was not placed in a handicap accessible unit or cell and that, when he complained, he was beaten by jail officers) (case voluntarily dismissed on 5/15/14); and *Payne v. Cook County*, No. 14 C 8443 (N.D. Ill.) (dismissed on 12/2/14 as duplicative of this suit).

against her individually. She is correct. Individual employees of a public entity are not proper Defendants for such claims. *See Jaros*, 684 F.3d at 670 & n.2, citing 29 U.S.C. § 794(b); 42 U.S.C. § 12131. ADA and Rehabilitation Act claims are against public entities, not their employees. *See Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir.2004); *see also Norfleet v. Shah*, No. 14-cv-1408, 2015 WL 196476 at * 3 -4 (S.D. Ill. Jan. 14, 2015) (individual capacity claims are unavailable under the ADA and Rehabilitation Act; the proper defendants are the public agency or its director in his official capacity). Accordingly, Fuentes is dismissed. This case may proceed against Cook County and Sheriff Tom Dart in his official capacity.

Date: July 2, 2015

_____
Geraldine Soat Brown
United States Magistrate Judge